[Cite as *State v. Onusic*, 2026-Ohio-2767.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

    - vs -

JACOB ONUSIC,

        Defendant-Appellant.

CASE NO. 2025-L-096

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2025 CR 000289

## OPINION AND JUDGMENT ENTRY

Decided: July 20, 2026
Judgment: Affirmed

*Charles E. Couslon*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*John P. Laczko*, John P. Laczko, LLC, City Centre One, Suite 975, 100 East Federal Street, Youngstown, OH 44503 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Jacob Onusic ("Onusic") appeals from the judgment of the Lake County Court of Common Pleas denying his motion to withdraw his guilty pleas without a hearing. Onusic further appeals from the underlying judgment convicting him of two counts of robbery, felonies of the third degree, two counts of kidnapping, felonies of the second degree, and one count of theft, a felony of the fifth degree.[1]

---

1. We note that Onusic filed his notice of appeal pro se, appealing only from the judgment denying his motion to withdraw his guilty plea. Appointed counsel sought leave to file a delayed appeal from the underlying judgment of conviction pursuant to App.R. 5(A). This court granted that motion, permitting Onusic to proceed with a direct appeal from the underlying conviction in addition to the denial of his motion to withdraw his guilty pleas.

{¶2} On appeal, Onusic argues that the trial court's denial of his motion to withdraw his guilty pleas without a hearing was improper because the allegations contained in the motion, if established as true, would amount to a manifest injustice that warrants withdrawal of the pleas. Onusic further suggests that he was denied effective assistance of counsel because his trial counsel did not challenge venue. Finally, Onusic argues that the trial judge was biased against him due to comments made on the record, rendering his sentence contrary to law.

{¶3} Upon review, we conclude that the trial court was not required to hold a hearing on Onusic's motion to withdraw his guilty pleas as the record belies his allegations, and Onusic has not provided sufficient operative facts to warrant such a hearing. Additionally, counsel's failure to request a change in venue is not subject to appellate review under an ineffective assistance of counsel theory. *State v. Adams*, 2015-Ohio-3954, ¶ 152, citing *State v. Bryan*, 2004-Ohio-971, ¶ 156. Finally, the trial court was not biased against Onusic. Rather, the trial court's sentence and commentary were based upon the permissible and required considerations for felony sentencing pursuant R.C. 2929.11 and 2929.12.

{¶4} Accordingly, we affirm the judgment of the Lake County Court of Common Pleas.

**Substantive and Procedural Facts**

{¶5} On March 7, 2025, a Lake County Grand Jury indicted Onusic, by secret indictment, on ten counts: burglary, a second-degree felony, in violation of R.C. 2911.12(A)(1) ("Count 1"); theft, a fifth-degree felony, in violation of R.C. 2913.02(A)(5) ("Count 2"); aggravated burglary, a first-degree felony, in violation of R.C. 2911.11(A)(1)

("Count 3"); robbery, a third-degree felony, in violation of R.C. 2911.02(A)(3) ("Count 4");
kidnapping, a first-degree felony, in violation of R.C. 2905.01(A)(2) ("Count 5"); petty theft,
a first-degree misdemeanor, in violation of R.C. 2913.02(A)(4) ("Count 6"); aggravated
burglary, a first-degree felony, in violation of R.C. 2911.11(A)(1) ("Count 7"); robbery, a
third-degree felony, in violation of R.C. 2911.02(A)(3) ("Count 8"); kidnapping, a first-
degree felony, in violation of R.C. 2905.01(A)(2) ("Count 9"); and theft, a fifth-degree
felony, in violation of R.C. 2913.02(A)(4) ("Count 10").

{¶6} Onusic entered a written plea of not guilty to the indicted charges. However,
on June 5, 2025, a change of plea hearing was held where Onusic entered guilty pleas
to Counts 2, 4, 5, 8, and 9.[2] Following an oral plea colloquy, the trial court accepted
Onusic's written plea of guilty. A nolle prosequi was entered on the remaining charges.

{¶7} According to the State's recitation of the facts at the plea colloquy, on March
7, 2022, Onusic entered a Richland County Check and Go location wearing all black
clothing, a black hat, and two face masks. Onusic began shouting at the employees to
put their hands up before making them open their cash drawers. Onusic fled out the
backdoor with approximately $1,600.

{¶8} On April 25, 2022, Onusic entered an Advance America location in Medina
County. Onusic followed the employee behind the cash counter demanding the employee
"get on his knees or [Onusic] would blow his brains out." Onusic kept his hand in his
pocket to cause the employee to believe he was armed. Onusic requested access to a
safe, which has a fifteen-minute delayed time lock. Onusic forced the employee to remain

---

2. Although the kidnapping charges, Counts 5 and 9, were indicted as first-degree felonies, the State of
Ohio reduced them to second-degree felonies on the basis that the victims were released to a safe place
unharmed. *See* R.C. 2905.01(C)(1).

Case No. 2025-L-096

on his knees next to the safe for the entire fifteen minutes waiting for it to open. Onusic stole approximately $990 on this occasion.

{¶9}  On May 6, 2022, Onusic entered another Advance America location in Lake County wearing a mask. An employee immediately recognized Onusic as the male who robbed the Medina County location. The employee pretended the computer systems were down. Onusic told the employee to "put her hands up and not make any moves or he would shoot her in the face." Onusic kept a hand in his hoodie as if he had a gun. Onusic told the employee she had ten seconds to put money in his bag and began counting down and said not to look at him or he would kill her. Onusic fled with approximately $1,879.

{¶10}  Onusic was identified as the robber through collaboration between Mentor police and the FBI using CCTV from neighboring businesses, cell tower mapping, and social media records.

{¶11}  Following the recitation of facts, the trial court inquired directly of Onusic and the following exchange ensued:

> THE COURT: Mr. Onusic, did you hear what [the prosecutor]
> said that the facts would show if this case went to a trial?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And are those facts true?
>
> THE DEFENDANT: Yes, sir.

{¶12}  Following its order for a presentence investigation and request for victim-impact statements, the trial court held a sentencing hearing on June 17, 2025. The court imposed the following terms: 12 months on Count 2; 36 months on Count 4; a definite term of 3 years on Count 5; 36 months on Count 8; and an indefinite term of 6 to 9 years on Count 9. The court ordered the terms on Count 5 and Count 9 to be served

consecutively and all remaining counts to be served concurrently, for an aggregate sentence of 9 to 12 years. The trial court ordered the sentence be served consecutive to any federal sentence.[3]

## The Appeal

{¶13} In his first assignment of error, Onusic argues that the trial court abused its discretion when it denied Onusic's post-sentence motion to withdraw guilty pleas because the allegations contained in the motion, if established as true, would amount to a manifest injustice. We disagree.

{¶14} Crim.R. 32.1 states that,

> [a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶15} This court has previously articulated that a "pre-sentence motion to withdraw a plea 'should be freely and liberally granted.'" *State v. Strmac*, 2024-Ohio-2405, ¶ 10 (11th Dist.), quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). Thus, "when a defendant pleads guilty to one or more crimes and later wants to withdraw that plea before he has been sentenced, the trial court should permit him to withdraw his plea. This is the presumption from which all other considerations must start." *Strmac*, quoting *State v. Barnes*, 2022-Ohio-4486, ¶ 21.

{¶16} However, Onusic seeks to withdraw his guilty pleas post-sentence. A post-sentence motion to withdraw a guilty plea will only be granted to correct manifest injustice. Crim.R. 32.1. "A manifest injustice standard is an extremely high standard, which permits

---

3. The record informs us that Onusic is currently serving an eleven-year sentence in federal prison for past robberies of banks or similar financial institutions.

Case No. 2025-L-096

withdrawal of a plea only in extraordinary cases." *State v. Gibson*, 2007-Ohio-6926, ¶ 20 (11th Dist.) quoting *State v. Allen*, 2006-Ohio-3164, ¶ 10 (8th Dist.). "The manifest injustice standard 'comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.'" *Id.*, quoting *State v. Thomson*, 2006-Ohio-1224, ¶ 48 (6th Dist.), citing *State v. Woods*, 2003-Ohio-2475, ¶ 16 (8th Dist.). The defendant must also "support the allegations contained in the motion with affidavits and/or the record." *State v. Hutchison*, 2018-Ohio-200, ¶ 43 (5th Dist.).

{¶17} In general, upon a defendant's Crim.R. 32.1 motion, "an evidentiary hearing is required if the facts alleged by a defendant, accepted as true, would require the trial court to grant the motion." *State v. Madeline*, 2002-Ohio-1332, ¶ 16 (11th Dist.). However, this court has previously recognized a number of exceptions. Where the record on its face "conclusively and irrefutably contradicts a defendant's allegations in support of his Crim.R. 32.1 motion, an evidentiary hearing is not required." *Id.* citing *State v. Christley*, 2000 WL 655448, *2 (11th Dist. May 19, 2000), citing *State v. Legree*, 61 Ohio App.3d 568, 574 (6th Dist. 1988). That is because "when a petitioner[']s affidavit states, contrary to a transcript reflecting compliance with Crim.R. 11, that his guilty plea was not voluntary, the record reflecting compliance with Crim.R. 11 has greater probative value than the affidavit." *State v. Lucien*, 2024-Ohio-1113, ¶ 20 (11th Dist.), *appeal not accepted*, 2024-Ohio-2576, citing *State v Kapper*, 5 Ohio St.3d 36, 38 (1983).[4] Thus, "a self-serving affidavit or statement is insufficient to demonstrate manifest injustice." *Gibson* at ¶ 33.

---

4. Although *Kapper* arose under the post-conviction relief context, Ohio courts have held that "[t]he standard for determining whether an evidentiary hearing is warranted on a Crim . R. 32.1 motion, wherein a petitioner alleges his plea was not knowingly, voluntarily and intelligently made, is the same standard applied in determining whether an evidentiary hearing is warranted on a petition for post-conviction relief[.]" *State v.*

Case No. 2025-L-096

{¶18} A Crim.R. 32.1 motion "is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). We therefore review a trial court's decision to deny a post-sentence motion to withdraw a guilty plea for abuse of discretion. *State v. Kirklin*, 2022-Ohio-435, ¶ 10 (11th Dist.), quoting *State v. Massey*, 2017-Ohio-706, ¶ 7 (11th Dist.). "An abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting Black's Law Dictionary 11 (8th Ed. 2004).

{¶19} In this case, Onusic's motion made allegations that his trial attorney lied to him regarding the delay between the underlying robberies and his prosecution, that his trial attorney promised him concurrent sentences upon a guilty plea, that this trial attorney told him he would be punished with consecutive sentences if he went to trial, and that counsel instructed him to say "yes" to everything even if he disagreed.[5] Onusic also claims that his trial attorney improperly called his prior robberies "armed robberies."

{¶20} First, the record belies the majority of Onusic's allegations. The trial court engaged directly with Onusic during the plea colloquy and the following dialogue was exchanged:

> THE COURT: Now I could give you a consecutive sentence that means one sentence after another for these separate offenses. If I did that then the maximum definite term would

---

*Kiser*, 1998 WL 667786, *4 (5th Dist. Sept. 24, 1998); *accord State v. Cosavage*, 1995 WL 404974, *1 (9th Dist. June 28, 1995).

5. In his motion, Onusic sets forth eight purported "assignments of error." Many of these assertions are duplicative, primarily reiterating the claim that counsel promised concurrent sentences in exchange for the plea. For the sake of clarity, we address them in a consolidated manner rather than reciting each allegation verbatim.

Case No. 2025-L-096

be 23 years and indefinite maximum 27 years; do you understand that?

THE DEFENDANT: Yes, sir.

. . .

THE COURT: Now, has anybody promised you that I would be lenient on you because you're pleading guilty today?

THE DEFENDANT: No, sir.

THE COURT: Has anybody promised you what I will sentence you to in this case?

THE DEFENDANT: No, sir.

. . .

THE COURT: Have you been threatened or coerced in any way to plead guilty today?

THE DEFENDANT: No, sir.

THE COURT: Are you freely, knowingly and voluntarily entering your guilty plea?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions?

THE DEFENDANT: No, sir.

THE COURT: Do you understand at the time of sentencing I do not have to follow the recommendation of either the prosecutor or your lawyer?

THE DEFENDANT: Yes, sir.

{¶21} Based on this dialogue, we find Onusic was aware of the possibility of receiving consecutive sentences. Moreover, Onusic represented to the trial court that he had not been promised leniency, and the trial court explicitly warned Onusic that the trial court was not bound by any sentencing recommendations made by his counsel or by the prosecutor.

{¶22} Second, no affidavits or other evidentiary materials were submitted to support Onusic's claims. *See State v. Tate*, 2011-Ohio-3293, ¶ 41 (11th Dist.). The

allegations in Onusic's motion are not sworn to, contain no averment that they were prepared by Onusic upon his personal knowledge or belief, and the document is neither dated nor notarized. Bearing no indicia of an affidavit, we find Onusic failed to support his allegations with any affidavits, evidentiary material, or the record. *See generally State v. Kennedy*, 2002-Ohio-42, (8th Dist.) (concluding a defendant's purported affidavit was insufficient where it failed to comply with basic affidavit formalities).

{¶23} "A defendant bears the burden of establishing the existence of manifest injustice." *State v. Romero*, 2019-Ohio-1839, ¶ 13, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. As such, the trial court was not required to hold an evidentiary hearing because Onusic has failed to establish "sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises." *State v. Fabian*, 2004-Ohio-6692, ¶ 22 (11th Dist.), citing *Kapper*, 5 Ohio St.3d 36 at 38.

{¶24} Onusic's first assignment of error is without merit.

{¶25} In his second assignment of error, Onusic argues that he was denied effective assistance of counsel because his trial counsel did not challenge whether Lake County qualified as a proper venue for the underlying charges. We disagree.

{¶26} "To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 2000-Ohio-448, ¶ 49, citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).

Case No. 2025-L-096

{¶27} The Supreme Court of Ohio has repeatedly held that "the decision whether to seek a change of venue is a matter of trial strategy and is thus not subject to second-guessing by a reviewing court as ineffective assistance." *State v. Adams*, 2015-Ohio-3954, ¶ 152, citing *State v. Bryan*, 2004-Ohio-971, ¶ 156; *accord State v. Frazier*, 2007-Ohio-5048, ¶ 234; *State v. Ford*, 2019-Ohio-4539, ¶ 401. While we recognize these cases arose under a pretrial publicity context, we find the principle instructive. Counsel in this case could have "reasonably decided as a matter of trial strategy to conduct the trial in [Lake] County." *Id*.

{¶28} The Supreme Court of Ohio has stated that "the failure to make objections is not alone enough to sustain a claim of ineffective assistance of counsel." *State v. Conway*, 2006-Ohio-2815, ¶ 103. Further, "debatable trial tactics do not constitute ineffective assistance of trial counsel." *Id*. at ¶ 111. A licensed attorney is presumed competent, and judicial scrutiny of his performance must be highly deferential. *Strickland* at 689.

{¶29} We find that Onusic has failed to demonstrate his counsel's performance was deficient. Even if counsel's performance had been deficient by failing to request a change in venue, Onusic cannot show prejudice. Venue was proper in this case pursuant to R.C. 2901.12, so any such request would have certainly been denied.

{¶30} Generally, a criminal defendant must be tried in "the county in which the offense is alleged to have been committed." Ohio Const., art. I, § 10. However, a recognized exception is that:

> When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which

Case No. 2025-L-096

one of those offenses or any element of one of those offenses occurred.

R.C. 2901.12(H).

{¶31} Here, Onusic was charged with a course of criminal conduct—the robbery of multiple Advance America locations. Pursuant to R.C. 2901.12(H), Lake County, a jurisdiction in which one of the robberies occurred, was a proper venue for the entire course of conduct.

{¶32} Onusic's second assignment of error is without merit.

{¶33} In his third assignment of error, Onusic argues that the trial court was biased against him, evidenced by comments made by the judge. We disagree.

{¶34} At the sentencing hearing, the trial court inquired why there was a delay between the robberies and the present prosecution. The State informed the court that the federal government declined to prosecute the case. Onusic takes issue with the trial court's response to that answer:

> THE COURT: So the, so if the feds didn't want to, you don't have to agree or disagree with me but the feds failed to do their job most likely because they didn't want to put in the work to do their job.
>
> . . .
>
> It seems to me from my knowledge of how the feds work that had they taken these cases then your 137 months would have shot up dramatically but they didn't in part because they weren't very confident in their job or very diligent in their job during that time frame.[6]

---

6. The trial court's repeated remarks regarding the United States Attorney's Office for the Northern District of Ohio are as unnecessary as they are speculative. The trial court claims that Onusic's sentence "would have shot up dramatically" had the Lake County charges been included with the federal charges. Absent any mandatory minimum sentences required by Title 18, §924(c) of the United States Code or similar statutory provision, federal sentences pertaining to the same kind of offenses are generally grouped (run concurrently) with limited enhancements for multiple counts pursuant to § 3D1.1, *et seq.* of the United States Sentencing Guidelines (2025).

Case No. 2025-L-096

{¶35} "Judges are presumed not to be biased or prejudiced toward those appearing before them, and a party alleging bias or prejudice must present evidence to overcome the presumption." *State v. Crislip*, 2026-Ohio-789, ¶ 34 (11th Dist.) quoting *State v. Sharp*, 2020-Ohio-3497, ¶ 11 (12th Dist.).

{¶36} Here, the trial court's remarks do not demonstrate bias. Rather, they reflect the court's consideration of the seriousness of the offense and the need to impose a sentence that adequately punishes the offender and protects the public—factors the court is required to weigh under R.C. 2929.11 and 2929.12.

{¶37} R.C. 2929.11(A) specifically states that one of the primary purposes of felony sentencing is "to punish the offender" and the trial court "shall consider the need for incapacitating the offender[.]" We therefore conclude that the trial judge was within his right to consider what sentence he believed would adequately punish Onusic.

{¶38} To the extent the court's language was critical, it was directed at the perceived handling of the matter by federal authorities, not at Onusic personally. Onusic makes no argument in his brief how he was prejudiced by this commentary. Instead, he merely asserts that "the preceding statements from the trial court judge clearly indicate that he was not satisfied the 'feds' adequately punished [Onusic.]" We disagree. We fail to see how the trial court's commentary, critical of federal authorities, was biased against Onusic or prejudicial to him in any way.

{¶39} Assuming arguendo the commentary could be construed negatively against Onusic, the Supreme Court of Ohio has held that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *State v. Dean*, 2010-Ohio-

5070, ¶ 49, quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994). Here, the commentary reveals no such "favoritism or antagonism that would make fair judgment impossible." *Id*.

{¶40} Onusic's third assignment of error is without merit.

## Conclusion

{¶41} For the reasons set forth above, the judgment of the Lake County Court of Common Pleas is affirmed.

JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-L-096

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE ROBERT J. PATTON

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-096